```
ANN M. CERNEY, SBN: 068748
Attorney at Law
45 Hunter Square Plaza
Stockton, California  95202
Telephone: (209) 948-9384
Facsimile:  (209) 948-0706

Attorney for Plaintiff
```

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA**

—o0o—

| | |
|---|---|
| PEREZ, SAMUEL GARCIA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant(s).<br>_____/ | CASE NO. 2:11-CV-03389-CKD<br><br>**STIPULATION AND ORDER SETTLING ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)** |

　　　　IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FOUR THOUSAND THREE HUNDRED DOLLARS AND 00/CENTS ($4,300.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §[§ 1920,] 2412(d).

　　　　After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, – S.Ct. – , 2010 WL 2346547 (U.S. June 14, 2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any

offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Ann M. Cerney, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Respectfully submitted,

Date: January 7, 2013         /s/ Ann M. Cerney
                              ANN M. CERNEY,
                              Attorney for Plaintiff


                              BENJAMIN B. WAGNER
                              United States Attorney
                              DONNA L. CALVERT
                              Acting Regional Chief Counsel,
                              Social Security Administration


Dated: January 7, 2013        /s/ Elizabeth Barry
                              ELIZABETH BARRY,
                              (by email authorization on 01/07/13)
                              Special Assistant United States Attorney
                              Attorneys for Defendant

1 **ORDER**

2 **APPROVED AND SO ORDERED:**

3

4 **Dated: January 9, 2013**

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE